Robert S. CAHILL, Frank M. Barbuto, Sr. and William J. Baldwin, Partners, d/b/a CBC Painting, Plaintiffs,

v.

TIG PREMIER INSURANCE COMPANY, Defendant/Plaintiff-in-Counterclaim/Third-Party Plaintiff,

v.

Isabel CAHILL, Mary Alice Barbuto, Douglas E. Caffrey and Carol Caffrey, Third–Party Defendants.

Civil Action No. 96–40147–NMG.

United States District Court,
D. Massachusetts.

July 23, 1998.

---

Lawrence Delaney, Richard M. Freije, Mountain, Dearborn & Whiting, Worcester, MA, for Robert S. Cahill, Frank M. Barbuto, Sr., William J. Baldwin, Isabell Cahill, Mary Alice Barbuto, and Douglas E. Caffrey.

Thomas H. Hayman, Bradford R. Carver, Cetrulo & Capone, Boston, MA, Bradford R. Carver, Cetrulo & Capone Lahey, Boston, MA, for TIG Premier Ins. Co.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This Court conducted a trial in the above-captioned civil action between June 22 and June 29, 1998. All of the claims of the plaintiffs, Robert S. Cahill, Frank M. Barbuto, Sr. and William J. Baldwin partners d/b/a/ CBC Painting ("CBC"), against the defendant, TIG Premier Insurance Company ("TIG") were tried to a jury except CBC's claim under the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") which this Court reserved for its own determination.

The jury returned a verdict in favor of CBC on its claim for breach of contract and in favor of TIG on CBC's claim for intentional interference with advantageous business relationships. Upon consideration of all of the credible evidence, this Court makes the following Findings of Fact and Conclusions of Law with respect to CBC's Chapter 93A claim against TIG.

### I. Findings of Fact

TIG issued subcontractor's performance and payment bonds on behalf of CBC for a construction project in Southbridge, Massachusetts ("the project"). Lawlor Corporation was the general contractor for the project and the obligee under TIG's bonds.

To obtain bonds from TIG, CBC, Robert and Isabel Cahill, Frank and Mary Alice Barbuto and Douglas and Carol Caffrey executed a General Indemnity Agreement with TIG, wherein they agreed to indemnify TIG for all losses and expenses that TIG might incur in connection with bonds issued on behalf of CBC. CBC obtained bonds from TIG through the Surety Bond Guaranty Program of the U.S. Small Business Administration ("SBA").

A dispute developed between Lawlor and CBC, as a result of which CBC filed a lawsuit against Lawlor and its surety, USF & G, seeking payment of monies owed for work done on the project. Lawlor filed a counter-claim against CBC and TIG. TIG retained Attorney Leo McNamara to represent its interests in the lawsuit and Attorney Jeffrey Roy represented CBC.

At a scheduled arbitration of the dispute on December 21, 1993, the parties engaged in settlement negotiations. Lawlor made an offer and Attorney Roy, Mr. Cahill and Attorney McNamara went into a conference room to discuss it. Attorney Roy asked for Attorney McNamara's opinion and during the discussion, Attorney McNamara made remarks which led CBC reasonably to believe that if it accepted Lawlor's settlement offer, TIG, having thereby gained its release, would waive its right to reimbursement under the General Indemnity Agreement. CBC accepted Lawlor's settlement offer of $92,500 and, as a result of that acceptance, consummated an oral contract with TIG.

Because the principals of TIG did not believe that the actions of its attorney constituted the making of an oral contract with CBC, TIG subsequently breached that contract by actively seeking reimbursement under the General Indemnity Agreement.

Furthermore, because CBC's bond was guaranteed by the SBA, TIG filed claims for reimbursement with the SBA, which, in turn, caused the SBA to consider CBC in default. Thereafter the SBA refused to issue any SBA-backed bonds to CBC until the SBA had been reimbursed for its payments to TIG, but no one at TIG informed CBC of that fact.

### II. Conclusions of Law

The standard for determining whether conduct is unfair or deceptive when a trans-

action involves two businesses is whether the objectionable conduct obtains "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Damon v. Sun Co., Inc.*, 87 F.3d 1467, 1483 (1st Cir.1996) (quoting *Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 504, 396 N.E.2d 149 (1979)).

■ A mere breach of contract does not, in and of itself, rise to the level of a Chapter 93A violation. *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 100–01, 390 N.E.2d 243 (1979); *Madan v. Royal Indemnity Co.*, 26 Mass.App.Ct. 756, 762, 532 N.E.2d 1214 (1989).

■ The answers of the jury to the special verdict questions indicate that the jury did not believe that TIG intentionally harmed CBC. This Court agrees with that conclusion. TIG did nothing more than breach its oral contract with CBC. Such conduct does not violate Chapter 93A. *Whitinsville Plaza*, 378 Mass. at 100–01, 390 N.E.2d 243.

### ORDER

Based upon the evidence admitted at trial and the Findings and Fact and Conclusions of Law set forth above, judgment will enter in favor of TIG on the Chapter 93A claim asserted against it in this action.

So ordered.